■ In the Matter of ESTHER FRANCK, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.— In a proceeding under article 78 of the Civil Practice Act by a school secretary in the New York City public school system to annul the resolution of the Board of Education of the City of New York requesting the medical board of the Teachers' Retirement System of

the city to conduct a medical examination of the petitioner, and for other relief, the Board of Education and the Teachers' Retirement Board appeal from an order of the Supreme Court, Kings County, dated April 26, 1962, which granted the petition and, *inter alia*: (a) annulled the said resolution of the Board of Education; (b) directed it to withdraw its said request for the petitioner's medical examination; and (c) directed that, in the event of further proceedings against the petitioner, the Board of Education either furnish her "with copies of all findings and all official reports and all medical reports pertaining to her", or permit "the petitioner and her duly appointed representative to examine her personnel file." [See Special Term opinion, 33 Misc 2d 754, 756.]    Order reversed on the law and the facts, without costs, and proceeding dismissed. Findings of fact which may be inconsistent herewith (see 33 Misc 2d 754) are reversed, and new findings are made as indicated herein. In our opinion, under all the circumstances, the actions of the Board of Education were neither arbitrary nor capricious. We find that there was a substantial basis for the exercise of its administrative discretion; hence, the courts may not interfere. Ughetta, Acting P. J., Christ and Hopkins, JJ., concur; Kleinfeld and Hill, JJ., dissent and vote to modify the order by striking out the fourth ordering paragraph with respect to the reports to be made available to petitioner by the Board of Education; and, as so modified, to affirm, with the following memorandum: In our opinion, in this case the actions of the Board of Education were arbitrary and capricious. However, petitioner does not have the right to examine, or be furnished with copies of, *all* reports and findings relating to her (*Matter of Kropf* v. *Board of Educ.*, 18 A D 2d 919). She is entitled to be furnished with copies of all official reports which pertain to her and which emanate from her principal (By-laws of the Board of Education, § 89, subd. 7 [b]). She has received such copies in the past, and there is no showing of any likelihood that she will be denied them in the future. It was error, therefore, to include in the order any provision with respect to such reports.